UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CASUALTY COMPANY
OF READING, PENNSYLVANIA,
individually and as subrogee of
Dorothy Butler,

    Plaintiff,

v.                                Case No. 8:07-CV-0421-T-33EAJ

HEALTH CARE INDEMNITY, INC.,

    Defendant.
_____/

## ORDER

Before the court are Defendant Health Care Indemnity, Inc.'s **Motion to Tax Costs** (Dkt. 143) and Plaintiff American Casualty Company's **Response** (Dkt. 144). Upon consideration, Defendant's motion is **GRANTED in part** and **DENIED in part**.

On April 29, 2009, the District Judge granted Defendant's summary judgment motion (Dkt. 141). The Clerk of Court then entered final judgment in favor of Defendant and against Plaintiff (Dkt. 142). Defendant now requests that the court assess $6,593.77 in costs against Plaintiff (Dkt. 143 at 1). Plaintiff argues that this amount should be reduced to $4,837.93 (Dkt. 144 at 1).

Rule 54(d), Fed. R. Civ. P., provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless the court directs otherwise. Rule 54(d)(1), Fed. R. Civ. P., creates a presumption in favor of awarding costs to the prevailing party that the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991) (citation omitted). In taxing costs under Rule 54(d)(1), Fed. R. Civ. P., the district court may tax only those costs explicitly authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

442 (1987).

Under 28 U.S.C. § 1920, the following costs may be taxed:

(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The determination of who qualifies as a prevailing party in federal court for the purpose of awarding costs is governed by federal law. See Crawford, 482 U.S. at 439-40. "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001) (quotation omitted).

Applying this standard, Defendant is the prevailing party because it recovered judgment in its favor on all of its claims (see Dkt. 141). Defendant is entitled to the costs discussed below.

1. Fees for Service of Summons and Subpoena

Defendant requests $725.00 in fees for service of summons and subpoena under 28 U.S.C. § 1920(1) (Dkt. 143-2). Although Defendant attaches the invoices of its private process servers, their hourly rates are impossible to discern (Dkt. 143-5). Moreover, some of the invoices contain charges for "rush fees", which are not compensable, and shipping and handling for "rush returns" (Dkt. 143-5 at 2-3, 7-12). James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 650 (S.D. Fla. 2007). Accordingly, the court limits the amount awarded for the service of subpoenas to $45.00 each (the minimum charged by the U.S. Marshals' Service), or $450.00. Defendant will not be

compensated for the $60.00 in failed service fees assessed between August 28, 2007, and September 18, 2007, for the first attempted service on the Tampa law firm of Walton Lantaff Schroeder Carson, LLP (Dkt. 143-5 at 5-6). Defendant should have verified the firm's address prior to service.

The court awards $450.00 in fees pursuant to 28 U.S.C. § 1920(1).

2.  Court Reporter and Deposition Costs

Defendant seeks reimbursement of $2,973.15 for copies of deposition transcripts (Dkt. 143-2). Even though 28 U.S.C. § 1920(2) does not specifically use the word "deposition," deposition transcript costs are taxable if they were "necessarily obtained" for use in the case. See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000).

Plaintiff does not contest the necessity of the deposition transcripts but argues that Defendant is not entitled to reimbursement for mini-transcripts, ASCII disks, and postage and delivery charges of the court reporter (Dkt. 143-6; Dkt. 144 at 4-6). Plaintiff is right. See Smith v. CA, Inc., 8:07-CV-78-T-30TBM, 2009 WL 536552, at *1 (M.D. Fla. March 3, 2009). These impermissible charges total $308.00 (Dkt. 143-6 at 2-3, 5-7). Subtracting this amount results in reimbursable costs under 28 U.S.C. § 1920(2) of $2,665.15 for depositions.

3.  Witness Fees

Defendant next seeks $95.44 in witness fees (Dkt. 143-2). According to Plaintiff, Defendant is not entitled to these costs because the trial did not take place (Dkt. 144 at 7).

Despite that the case did not proceed to trial, Defendant is entitled to its witness fees. Defendant subpoenaed Dorothy Butler and Frank Fernandez prior to trial in the good faith belief that their testimony would be necessary to the disposition of the case (Dkt. 143-5 at 9, 12). See Spanish Action Comm. of Chicago v. City of Chicago, 811 F.2d 1129, 1138 (7th Cir. 1987) (holding that

3

fees paid to a witness who was subpoenaed but did not actually attend trial may be allowed as costs when the subpoena was reasonably necessary). The court granted Defendant's summary judgment motion on April 29, 2009, a few days before the start of the May trial calendar (on which the case was scheduled) (see Dkt. 137, 138). The parties were required to prepare as if trial would proceed. Further, Ms. Butler was listed on both parties' witness lists, and Mr. Fernandez was listed on Defendant's witness list (see Dkt. 133).

Accordingly, Defendant is entitled to its witness fees of $95.44 under 28 U.S.C. § 1920(3).

4. <u>Fees for Copies</u>

Defendant requests $1,612.68 in copy costs (Dkt. 143-2). Defendant does not provide supporting documentation for $20.70 of these costs, listed on page two of its "Itemized List of Taxable Costs" (Dkt. 143-3 at 2). Thus, the court deducts this amount from Defendant's copy costs. The court also subtracts $70.00 from the April 30, 2007 invoice from Judicial Research (Dkt. 143-7 at 2). These amounts represent "research" and "court run" fees which are not compensable without further information (<u>Id.</u>). Thus, the court awards Defendant $1,521.98 in copy costs pursuant to 28 U.S.C. § 1920(4).

5. <u>Mediation Costs</u>

Defendant also requests $1,187.50 in mediator fees (Dkt. 143-2). However, mediation costs are not taxable pursuant to 28 U.S.C. § 1920. <u>See</u> <u>Ivory v. Holme</u>, 8:07-CV-2354-T-TBM, 2009 WL 1185309, at *2 (M.D. Fla. Apr. 30, 2009) (surveying case law from other circuits and determining that mediation fees are not taxable as costs). Thus, $1,187.50 shall be reduced from the total costs Defendant requests.

Accordingly, it is **ORDERED**:

4

(1) Defendant's **Motion to Tax Costs** (Dkt. 143) is **GRANTED in part** and **DENIED in part**. Defendant is awarded a total of $4,732.57 in costs pursuant to 28 U.S.C. § 1920. This amount includes $1,521.98 in copy costs, $95.44 in witness fees, $2,665.15 in deposition fees, and $450.00 in service fees; and

(2) The Clerk of Court is directed to tax costs in the amount of $4,732.57 against Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on this 22nd day of May, 2009.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge